**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**SUSAN BELAIR and DOUG BELAIR,**

    **Plaintiffs,**

**V.**                                                    **Case No: 2:12-cv-119-FtM-99SPC**

**TARGET CORPORATION,**

    **Defendant.**

_____/

## ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Better Responses to Plaintiffs' First Request for Production (Doc. #16) filed on July 19, 2012. Defendant has not filed a response to the instant Motion and the time to do so has passed. Therefore, the Motion is now ripe for review.

Plaintiffs Susan and Doug Belair move to compel Defendant, Target Corporation, to produce better responses to Plaintiffs' First Request for Production, arguing that Defendant has produced inadequate responses. The Court agrees that most of Defendant's responses are blanket and boilerplate objections and claims of privilege to which Defendant did not provide Plaintiffs with a privilege log. See Rossbach v. Rundle, 128 F. Supp. 2d 1348, 1354 (S.D. Fla. 2000) ("The onus is on the party resisting discovery to demonstrate specifically how the objected-to information is unnecessary, unreasonable or otherwise unduly burdensome."). Thus, "an objection must show specifically how a discovery request is overly broad, burdensome or oppressive." Coker v. Duke & Co., 177 F.R.D. 682, 686 (M.D. Fla. 1998). Defendant should

also be aware that "[i]f an objection to a discovery request is raised, and then the question is answered 'subject to' or 'without waiving' the objection, this court is reluctant to sustain the objection." Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co., 2011 WL 4382104, *4 (M.D. Fla. Sept. 20, 2011).

Given these deficiencies as well as the fact that Defendant did not file a response to the Motion to Compel, it is due to be granted in part. Defendant must provide responses in compliance with the Federal Rules and this Order, with the exception of when a claim of privilege is made. In those instances, Defendant is directed to provide Plaintiffs with a proper privilege log.[1]

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs' Motion to Compel Better Responses to Plaintiffs' First Request for Production (Doc. #16) is **GRANTED in part** and **DENIED in part**. Defendants shall have up to and including **August 20, 2012**, to provide better responses to

---

[1] The party invoking the privilege bears the burden of proof. Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this evidence is generally provided through the use of a privilege log. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. Id. at *3. More specifically, a proper privilege log should contain the following information:

    (1) the name and job title or capacity of the author of the document;
    (2) the name and job title or capacity of each recipient of the document;
    (3) the date the document was prepared and if different, the date(s) on which it was sent
     to or shared with persons other than the author(s);
    (4) the title and description of the document;
    (5) the subject matter addressed in the document;
    (6) the purpose(s) for which it was prepared or communicated; and
    (7) the specific basis for the claim that it is privileged.

See Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

Plaintiffs' First Request for Production in compliance with the Federal Rules and this Order.

(2) Plaintiffs' request for attorney's fees and costs is **DENIED** at this time, but may be revisited if Defendant fails to comply with this Order.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of August, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record