UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUSAN BELAIR AND DOUG BELAIR,

    Plaintiffs,

v.                                                  Case No:  2:12-cv-00119-UA-SPC

TARGET CORPORATION,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on the Plaintiffs, Susan Belair and Doug Belair's Motion to Compel a Better Answer to Plaintiffs' Second Interrogatory to Target Corporation (Doc. #34) filed on January 3, 2013. The Defendant filed a Response to Plaintiffs' Motion to Compel (Doc. #37) on January 11, 2013. Pursuant to Local Rule 3.01(g), counsel for both parties attempted to resolve the issues raised in this motion without success. This Motion is now ripe for review.

The Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b). Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b). If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984). The trial court's

exercise of discretion will be sustained absent a find of abuse of discretion to the prejudice of a party. Id.

The Plaintiffs seek an Order compelling Defendant, to provide an adequate answer to Plaintiffs' Second Interrogatory served upon the Defendant on November 16, 2012. Plaintiffs' interrogatory asks the Defendant to:

> Please state the name, telephone number, address, and any other identifying information of any and all customers conducting a sales transaction at the subject Target as shown on the Target surveillance video which has been produced in this action between 3:47 pm and 3:50 pm on March 30, 2011.

On December 9, 2012, the Defendant served its response and objection to the interrogatory. Defendant's response stated:

> OBJECTION, overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Defendant would state that to obtain the requested information would cause an undue burden and hardship as a search though every transaction would have to be done manually and would take in excess of 12 hours to complete.[1]

Plaintiffs allege the Defendant's answer is inadequate because the information requested is narrowly tailored to customers on a surveillance video seen during a three minute period thus, not unduly burdensome. Plaintiffs further allege that such information will likely lead to the discovery of admissible evidence because the individuals on the surveillance video may have knowledge of events surrounding the incident that is the subject of this litigation.

Defendant asserts that the information requested by Plaintiffs is unduly burdensome because it would require going through each register tape from that timeframe to find transactions that may or may not reveal identifying information about customers shown on a

---

[1] The Court recognizes that there is a discrepancy in the record as to the Defendant's response regarding the amount of time it would take to obtain the requested information. Plaintiffs Motion to Compel a Better Answer to Plaintiffs' Second Interrogatory to Target Corporation (Doc. #34) states that the Defendant's response said obtaining the requested information "would take in excess of 8 hours to complete."

surveillance video. Defendant goes on to address concerns regarding the privacy interest of their customers.

A district court has discretion to limit discovery of relevant material upon a determination the sought discovery is unreasonably cumulative or duplicative, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. Panola Land Buyers, Ass'n v. Shuman, 762 F.2d 1550, 1558–59 (11th Cir.1985). However, the burden rests on the party resisting discovery to specifically show how the objected-to request is unreasonable, irrelevant or otherwise unduly burdensome. Id. at 1559. Courts have held that "[o]bjections stating that a request is 'vague', 'overly broad', or 'unduly burdensome' are meaningless standing alone." Martin, 2008 WL 5255555, at 1. The party must demonstrate to the court 'that the requested documents [information] either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Gober v. City of Leesburg, 197 F.R.D. 519, 521 (M.D. Fla. 2000). Discovery rules do not permit a party to go on a "fishing expedition" for relevant information. Linares v. Broward County Sheriff's Office, 347 Fed. Appx. 424, 42 (11th Cir. 2009).

Upon review of the specific request at issue, the Court finds that the Defendant's objection is proper because it provides a specific explanation describing why such request is unduly burdensome. The Defendant provides in detail the process that it would take to obtain the information requested by the Plaintiff. Further, the information requested by the Plaintiff depends on the Defendant's customers using some form of payment that would reflect their identity. There is no indication in the record how many, if any, of the customers in the

surveillance video would be identifiable. In addition, there is no way to know whether the customers in the surveillance video would have any knowledge of the incident in question. In fact, Defendant's guest incident report reflects no witnesses to the event. Furthermore, the record shows the Defendant has provided the names of three team members who may have some knowledge of the event.

When weighing the marginal relevance of the information Plaintiffs have requested against the burden on the Defendant to produce such evidence the Court finds that the Defendant's objection to Plaintiffs' Motion to Compel (Doc. #34) is proper.

Accordingly, it is now

**ORDERED:**

Plaintiffs, Susan Belair and Doug Belair's Motion to Compel a Better Answer to Plaintiff' Second Interrogatory to Target Corporation (Doc. #34) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 25th day of January, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record